1

2

3

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

4

5

Case No. 13cv253-JPH

6

7

TERRY LEE OLSON,

                    Plaintiff,

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

8

vs.

9

10

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

11

                    Defendant.

12    **BEFORE THE COURT** are cross-motions for summary judgment. ECF No.

13    18, 19. Attorney Dana C. Madsen represents plaintiff (Olson). Special Assistant

14    United States Attorney L. Jamala Edwards represents defendant (Commissioner).

15    The parties consented to proceed before a magistrate judge. ECF No. 7. After

16    reviewing the administrative record and the briefs filed by the parties, the court

17    **grants** defendant's motion for summary judgment, ECF No. 19.

18    **JURISDICTION**

19        Olson protectively applied for disability income benefits (DIB) and

20    supplemental security income (SSI) on June 2, 2009 alleging disability beginning

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 1

July 1, 2008 (Tr. 281-85, 281-85). His claims were denied initially and on reconsideration (Tr. 164-72). Administrative Law Judge (ALJ) Gene Duncan held a hearing January 19, 2011 (Tr. 43-86). After the ALJ's adverse decision (Tr. 41-86), the Appeals Council ordered remand on January 11, 2012 (Tr. 161-62).

A second hearing following remand was held July 24, 2012 before ALJ Duncan  (Tr. 89-138 ). He issued an unfavorable decision August 30, 2012 (Tr. 20-35). May 23, 2013, the Appeals Council denied review (Tr. 1-6). On July 11, 2013, Olson  appealed pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 5.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcripts, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Olson was 42 years old at onset and 47 at the second hearing. He has a ninth grade education and earned a GED. He has worked as a carpenter, and last worked in 2008. He alleges memory problems. He is limited by problems with his neck, back and joints. He has hepatitis C and fatigue. Olson experiences cramping in his hands, as well as problems with dexterity, sensation and swelling. He is unable to walk very far. Lifting, standing and bending are limited. He can sit for 20 minutes. He does not drive because his license is suspended. He quit taking illegal drugs in 2007 or 2008 (Tr. 41, 44-45, 90-98).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 2

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 3

the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 4

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 5

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Duncan found Olson was insured through June 30, 2009 (Tr. 21, 23). At step one, he found Olson did not work at substantial gainful activity levels after onset  (Tr. 24). At steps two and three, he found Olson suffers from cervical degenerative disc disease (DDD) at C5-6 and C6-7, lumbar age-appropriate changes, hepatitis C, depressive disorder and personality disorder, impairments that are severe

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 6

but do not meet or medically equal a Listed impairment  (Tr. 23). The ALJ found

Olson less than fully credible, a finding he does not directly challenge on appeal (Tr.

26-27). The ALJ  assessed an RFC for a range of light work (Tr. 25). At step four, he

relied on the vocational expert and found Olson is unable to do any past relevant

work (Tr. 33). At step five, again relying on the VE, the ALJ found Olson can do

other work such as small products assembler and hand packager. Accordingly, the

ALJ found Olson is not disabled as defined by the Act (Tr. 34-35).

## ISSUES

Olson alleges the ALJ erred when he weighed the evidence of mental and

physical limitations. ECF No. 18 at 9-12. The Commissioner responds that the

ALJ's findings are factually supported and free of harmful legal error. She asks the

court to affirm. ECF No. 19 at 21.

## DISCUSSION

*A. Credibility*

Olson does not directly challenge  the ALJ's credibility assessment, making it

a verity on appeal. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161

n. 2 (9th Cir. 2008). He does challenge the ALJ's assessment of conflicting medical

evidence. The court addresses credibility because the ALJ considered it when he

weighed the conflicting medical opinions and other evidence.

When presented with conflicting medical opinions, the ALJ must determine

ORDER GRANTING DEFENDANT'S MOTION

FOR SUMMARY JUDGMENT ~ 7

credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Even though there is some evidence of malingering, the reasons for the ALJ's credibility determination are clear and convincing.

ALJ Duncan considered the lack of supporting medical evidence for Olson's subjective complaints, inconsistent statements and the inadequately explained lack of treatment for both physical and mental conditions (Tr. 26-28; s*ee e.g.*, Tr. 385-86, 440, 442, 444, 448, 493, 499, 501-02. The ALJ specifically considered the scarcity of treatment records for complaints of neck and low back pain (Tr. 386, 440, 442, 444). Olson alleges his failure to consistently obtain mental health treatment should be excused due to his mental impairment. He raises the issue in the context of the weight the ALJ gave Dr. Mabee's opinion (below). He relies on *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996), citing *Blankenship v. Bowen*, 874 F.2d 1116, 1124 (6th Cir. 1989)(if a claimant "has failed to seek psychiatric treatment for his mental condition, … it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.")). ECF No.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 8

18 at 9.

Even if Olson is correct, however, the ALJ properly relied on the inadequately explained lack of medical treatment for physical problems, such as Olson's statements he dislikes doctors,  when weighing credibility.

In his reply, Olson alleges he "did seek mental health treatment. He was prescribed Melatonin and Ambilify by a naturopath and it was not helpful." (see Tr. 409)(no records from naturopath after July 1, 2007).  Olson states a treating doctor prescribed Ambilify in April 2010 but it was discontinued because, again, it was not helpful. [There is a prescription drug, abilify, also known generically as aripiprazole. There is an over the counter supplement called melatonin, but not a prescription drug.] Olson alleges he underwent "therapy without success."  ECF No. 20 at 2, citing Tr. 400, 495.

The therapy Olson refers to occurred in the context of substance abuse treatment. Brief treatment and sporadic use of medication (Olson stopped taking medication on his own) does not detract from the ALJ's reasoning. Olson told an examiner in 2011 he refused mental health treatment because he did not want to go three times a week. In May 2009 he had an evaluation and did not follow up until December (Tr. 493, 514). An overall failure to follow through with treatment without adequate explanation casts doubt on the severity of alleged limitations.

Olson alleges the ALJ should have asked him at the hearing why he was not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 9

participating in mental health treatment. ECF No. 20 at 2-3, citing SSR 96-7p. Olson's allegation is baseless. The regulation merely provides that the ALJ must consider any explanations offered by a claimant. Olson did not offer any adequate explanation. Nor was the ALJ required to discuss and analyze all of the factors enumerated in SSR 96-7p. The record as a whole reflects adequate consideration. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

Olson's reported complaints are described as "all over the map." Although Olson reported a pain level of seven out of ten, he appeared comfortable (Tr. 493).

The ALJ's reasons are clear, convincing and supported by substantial evidence. Unexplained or inadequately explained lack of consistent treatment is properly considered. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008) (the ALJ may properly rely on unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment when determining credibility); *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct are properly considered ); *Burch v. Barnhart*, 676, 680 (9th Cir. 2005) (lack of supporting medical evidence is properly considered as long as it is not the sole reason).

*B. Psychological limitations*

Olson alleges the ALJ failed to properly credit the contradicted opinions of several examining psychologists. ECF No. 18 at 9-10. The Commissioner responds

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 10

that the ALJ's reasons are specific, legitimate and supported by the record. ECF No. 19 at 11. Olson's reply alleges the ALJ rejected some mental deficits observed by examiners. He alleges they should not have been "excluded by alleged exaggeration." ECF No. 20 at 4.

<u>Dr. Mabee's January 16, 2009 evaluation</u>

Olson alleges the ALJ should have credited the limitations assessed by W. Scott Mabee, Ph.D. He alleges the  ALJ's proffered reasons, that Olson was not taking psychotropic medication or undergoing mental health treatment at the time of the evaluation, are not legitimate. As noted, he cites *Nguyen* as support.

The Commissioner responds that the ALJ properly considered this opinion. ECF No. 19 at 16-17.

The Commissioner is correct.

Abigail Osborne-Elmer, MS, and Dr. Mabee (hereafter Dr. Mabee) evaluated Olson January 16, 2009 (about six months after onset) and administered testing. There were  no records to review (Tr. 388-98). Olson complained of and presented with depressive symptoms. He described problems with sleep, irritability, isolating himself and an inability to think clearly. Dr. Mabee notes Olson took no prescribed medications and had no history of mental health treatment (Tr. 388-89). In the past Olson was incarcerated for seven months for drug manufacturing (Tr. 389). He has a long history of using cocaine and then methamphetamine, and last used

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 11

methamphetamine two months before the evaluation. He shops, cooks, cares for his

dog, cuts firewood and does other chores in exchange for rent  (Tr. 389-90). Dr.

Mabee notes results on the MMPI-2-RF were deemed invalid due to intentionally

over-reporting psychopathology. He diagnosed major depressive disorder (recurrent

moderate), amphetamine dependence (early partial remission) and a current GAF of

56. He recommended referrals for a psychiatric evaluation, psychological counseling

and a substance abuse evaluation (Tr. 391). He opined Olson would likely complete

simple repetitive tasks easily but depression and low motivation are likely to

interfere with the ability to tolerate the stress and pressures of a regular work

environment (Tr. 392). Moderate and marked limitations were expected to last a

maximum of nine months (Tr. 396-98).

The ALJ notes Dr. Mabee does not specify the extent to which depression

would interfere with Olson's ability to tolerate the stress and pressures of a work

environment. The ALJ agreed with Dr. Mabee that Olson is able to perform simple

repetitive tasks, requires limited public contact and no intense interactions with

others (Tr. 25).  The ALJ notes Olson was not taking medication or in treatment for

mental health. Responses were deemed invalid for over-reporting. Limitations were

only expected to last nine months. All are specific and legitimate reasons to reject

the opinion. Exaggeration is relevant when considering credibility. An opinion that

is brief, conclusory and inadequately supported by clinical findings is properly

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 12

1  rejected. Opinions based on unreliable self-reporting are properly discounted.

2  *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001); *Bayliss v. Barnhart*, 427

3  F.3d 1211, 1216 (9th Cir. 2005).

4      Olson also alleges the ALJ "purported to accommodate Mabee's assessment at

5  any rate by limiting work to simple tasks,"  but there is no such limitation in the

6  RFC. ECF No. 18 at 9, citing Tr. 29. The Commissioner responds that the ALJ

7  agreed with Dr. Mabee that Olson should be limited to simple work. ECF No. 19 at

8  17.

9      The Commissioner is correct.

10      The ALJ stated "Dr. Rubin testified that the claimant's mental impairments

11  caused only moderate limitation, and were not so severe as to preclude functioning

12  at simpler jobs such as framing houses. The undersigned affords good weight to Dr.

13  Rubin's opinion." (Tr. 29, referring to Tr. 108).

14      The ALJ asked the vocational expert if there were any unskilled jobs a person

15  with Olson's background and RFC could do (Tr. 129-30). The VE replied that such a

16  person could work as a small parts products inspector and hand packer and packager

17  (Tr. 129-32). At step five, these were the jobs the ALJ found Olson is able to do (Tr.

18  34). An ALJ's conclusion that Olson can perform unskilled work because of his

19  limitation to simpler tasks is appropriate, especially absent controlling authority to

20  the contrary. The SSA defines unskilled work as "work which needs little or no

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 13

judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 416.968(a). Olson misconstrues the record. The ALJ included simple tasks by limiting Olson to unskilled work.

In addition, the ALJ properly relied on the opinion of another examiner, Dr. Severinghaus. To the extent that other physicians' conflicting opinions rested on independent, objective findings, those opinions could constitute substantial evidence. *Magallanes v. Bowen*, 881 F.2d 747, 753 (9th Cir 1989); *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

Dr. Islam-Zwart's June 29, 2009 evaluation

Olson alleges the ALJ rejected the opinion of Kayleen Islam-Zwart, Ph.D., because of the "inconsistency between the claimant's presentation at his examination with Dr. Islam-Zwart and his lack of mental health treatment." Again Olson cites *Nguyen*. ECF No. 18 at 10. The Commissioner responds that although Dr. Islam-Zwart assessed several marked limitations, she nonetheless determined Olson had mild or no limitations in many functional areas, and the ALJ's reasons for rejecting the more extreme limitations are specific and legitimate. ECF No. 19 at 12-13, referring to Tr. 474.

Dr. Islam-Swart examined Olson June 29, 2009  (Tr. 399-404, 471-76). On July 12, 2009 she diagnosed undifferentiated somatoform disorder, psychotic disorder NOS, borderline personality disorder, and rule out dependent personality

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 14

disorder. She assessed a current GAF of 38, indicating some impairment in reality testing or communication or major impairment in several areas. She assessed numerous marked and severe limitations. She also noted current or recent DAA is indicated (Tr. 472-74). She opined Olson was unable to work at that time and his prognosis seemed guarded. She describes him as a poor, evasive and often inappropriate historian. Dr. Islam-Swart opined a psychiatric examination to determine the need for  psychotropic medication would likely benefit Olson (Tr. 403).

The ALJ notes Dr. Islam-Zwart opined Olson had no limitations in the ability to perform simple instructions and learn new tasks (a finding he agreed with) and was only mildly limited in the ability to understand and follow complex tasks (Tr. 29). The ALJ rejected more severe assessed limitations because Olson's presentation of extreme mental limitations was inconsistent with little to no mental health treatment. In addition, the ALJ relied on the opinion of another examining source, Dr. Severinghaus, who noted no report of psychosis to treating sources  or other examiners (Tr. 30, 513). To the extent other physicians' conflicting opinions rested on independent, objective findings, those opinions could constitute substantial evidence for rejecting an examining source's contradicted opinion. *Magallanes,* 881 F.2d at 753; *Miller v. Heckler*, 770 F.2d 845, 849 (9th Cir. 1985).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 15

<u>Dr. Arnold's July 8, 2010 report</u>

John Arnold, Ph.D., submitted a psychological evaluation on July 8, 2010 (Tr. 477-86). Olson alleges the ALJ purported to give "good weight" to Dr. Arnold's opinion and to accommodate his assessed limitations in the RFC, but failed to do so. ECF No. 18 at 10, referring to Tr. 25, 30. The Commissioner responds that Dr. Arnold acknowledged Olson's profile "was deemed questionably valid," and the "response pattern suggests he was defensive about particular personal shortcomings and exaggerated certain problems" (Tr. 482). The Commissioner alleges the ALJ reasonably considered Olson's exaggeration on testing when he weighed Arnold's contradicted opinion, a specific and legitimate reason, particularly given the exaggeration also shown by Dr. Mabee's testing. The Commissioner notes the ALJ also appropriately relied on the opinion of another evaluating psychologist, Dr. Severinghaus, when he weighed Arnold's opinion. ECF No. 19 at 14-16.

Dr. Arnold assessed moderate and marked limitations (Tr. 478-80). He diagnosed major depressive disorder (recurrent, moderate), antisocial personality disorder and assessed a GAF of 55. He opined there is no indication of current or recent substance abuse (Olson reported his last use was three months earlier), but he notes Olson has been diagnosed with substance abuse or dependence (Tr. 479).

The ALJ's reasons are legitimate and supported by the evidence. Olson cites several deficits "personally observed" by Dr. Arnold, which should not have been

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 16

rejected as exaggeration by the ALJ. ECF No. 20 at 5, referring to Tr. 478.

Olson is incorrect. A deficit in "sleep disturbance, impacting his overall job performance," for example, was *not* personally observed by Dr. Arnold.

Dr. Severinghaus's 2011 report

John Severinghaus, Ph.D., conducted the most recent evaluation on May 23, 2011 and June 22, 2011. He submitted a report June 24, 2011. He diagnosed malingering and opined Olson is able to work  (Tr. 512-24). Olson fails to address this opinion.

Dr. Severinghaus notes Olson refused mental health treatment and was not taking psychotropic medication. He last drank "the other day" (Tr. 514). He rakes the yard, cares for his dog, drives and fixes his truck (Tr. 515-16). Olson's comments during testing, performance patterns and scores on both testing days suggest underperformance and exaggeration of pathologies. Scores are different, and some "markedly" so, from those obtained during previous tests. Dr. Severinghaus diagnosed, in part, malingering, "over and above any verified diagnosis, and on a more probable than not basis" (Tr. 517). He observes there is "no reliable, objective evidence of reduced cognitive functioning over time, or of low intellect and inability to learn, and, while he most likely has had, and continues to have, difficult relationships with others, given his attitudes and outlook, employment in settings requiring limited interactions with coworkers, supervisors or the public is not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 17

precluded" (Tr. 518). Given all of these factors, as well as prior tests results deemed invalid due to exaggeration, the ALJ was entitled to rely on this opinion.

### C. Physical limitations

Olson alleges the ALJ erred when he rejected the opinion August 5, 2009, opinion of treating doctor Angela Haugo, D.O. ECF No. 18 at 10-12, Tr. 454-57. The Commissioner responds that the ALJ properly rejected this contradicted opinion because it is based on more limited evidence than other opinions, is likely based at least in part on Olson's unreliable self-report, and is contradicted by Dr. Haugo's 2011 records showing minimal findings. In addition, Olson occasionally used only non-prescribed pain medication . ECF No. 19 at 18-19.

The Commissioner is correct.

The ALJ rejected Dr. Haugo's 2009 RFC for sedentary to "severely limited" work because it is indeed inconsistent with several other opinions and based on more limited evidence than available to other sources, including the testifying medical expert. It is likely based at least in part on Olson's unreliable self-report, given that Dr. Haugo had only been treating Olson for about five months. Finally, Dr. Haugo's own July 28, 2011 notes reflect far less limitation than she assessed in 2009 (Tr. 31, 454-57, 542-43).

To the extent the ALJ rejected Dr. Haugo's contradicted 2009 RFC assessment, his reasons are "specific and legitimate" and based on substantial

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 18

evidence. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995)(a treating doctor's contradicted opinion can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record). In 2011 Dr. Haugo notes Olson suffers mild foraminal stenosis, slightly decreased cervical and lumbar range of motion, and occasionally uses non-prescribed pain medication. An opinion may properly be rejected if it is not based on objective medical evidence. *See Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). An opinion may be discounted if it relies on a claimant's unreliable self-report, or is internally inconsistent. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005).Symptoms controlled effectively by medications are not disabling. *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006).

The ALJ agreed Olson is unable to perform his past relevant work, as he found at step four. He properly rejected more severe limitations as unsupported by other objective evidence, contradicted by Olson's admitted activities, and in light of plaintiff's diminished credibility.

The ALJ properly weighed the contradictory evidence. The ALJ relied on the opinions of other examining and reviewing doctors, including the testifying medical expert who reviewed all of the records, and the record as a whole when he weighed this opinion. Where the evidence is susceptible to more than one rational interpretation, it is the conclusion of the ALJ that must be upheld. *Morgan v.*

*Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)(citation omitted).

The record fully supports the assessed RFC. Although Olson alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## CONCLUSION

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 20

Plaintiff's motion for summary judgment, ECF No. 18, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 4th day of April, 2014.

_S/ James P. Hutton_

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT ~ 21